# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

OCTOBER TERM, 1884

THEODORE RUNYON, ESQ., ORDINARY.

In the matter of the account of JACOB DISSENGER, guardian of Mary Dissenger, a minor.

A guardian received pension-money quarter-yearly for nine years on account of his ward. He never filed any account from the time of his appointment, fifteen years ago, until cited.—*Held*, that although there was no evidence that he had used the money, he must pay interest on the pension-money, with annual rests; that he was not entitled to commissions, nor to any allowance for the maintenance of the ward (whose mother he married when the ward was four years old) while the ward continued to live in his family and until the mother's death, but that he should be allowed for board paid to third persons thereafter.

On exceptions to final account of guardian.

*Mr. W. P. Wilson*, for the exceptant.

*Mr. D. C. Allinson*, for the guardian.

227

THE ORDINARY.

The debit side of the account contains but one item—$959.93⅓,. pension-money collected by the guardian for the ward. The credit side is made up of expenses paid in collecting the pension, a charge for board and clothing of the ward, and the guardian's commissions. The grounds of exception are that the guardian does not give the date of the receipt of the pension-money; that. he does not account for interest thereon, and that the charge for board and clothing of the ward should not be allowed. It appears, by the evidence, that the ward was the step-child of the guardian, who married her mother in the fall of 1866, when the ward was but about four and a half years old. She lived with him ·in his family in Trenton until the death of her mother,. which occurred in the fall of 1868. Almost, if not quite, im-- mediately after her mother's death, he ·placed her in the family of· his married daughter, Mrs. Carl, in Philadelphia, where she· remained, according to the evidence, for forty weeks, he paying $2.50 a week for her board. On the 6th of July, 1869, she was. admitted as an inmate of the soldiers' children's home in Tren- ton, and from that time he was at no expense for her support.

He was appointed guardian January 25th, 1869, and received the pension-money in quarter-yearly payments from 1869 to· 1878, both inclusive. When he began to receive it, his wife, the ward's mother, was dead, and he was paying board for the ward to Mrs. Carl. He appears, from the statements made by his counsel, to have received $84 in 1869, $72 in each of the years 1870 and 1871, $98.40 in 1872, and $120 in each of the years from 1873 to 1877, both inclusive, and $34.33⅓ in 1878— $960.73⅓ altogether. Though he was examined as a witness at much length, it does not appear what he did with the money. The question was not asked. But although it does not appear whether he used the money or not, nor that he has had any business in which to use it, he is, under the circumstances, ac- countable for interest. It must be presumed that he used the· money for his own purposes. As before stated, it was paid to· him in quarter-yearly payments. He in no year received more than $120, and in each of two of the years he received only $72..

It will be reasonable, under the circumstances, to require him to account for interest upon the money received in each year from the time of the last payment in that year, with annual rests. The amount with which he charges himself is $959.93⅓. It should be $960.73⅓. The account should be further corrected by stating therein the time and amount of each receipt of the pension-money.

The guardian charges $522 for board and clothing of the ward from October 10th, 1866, to August 10th, 1869, two years, ten months and ten days, at $3.50 per week. Although he says he always intended to charge the ward for board, there should be no allowance either for board or clothing while she was a member of his family—that is, up to the time of her mother's death. He, while she lived with him, appears to have voluntarily undertaken to care for and support her. When he married her mother the ward was but about four and a half years old, and he took the child and supported her as a member of his family. She had no property. He stood *in loco parentis* to her while she lived with him, and in the absence of any promise by her, since attaining her majority, to pay him for such support, he cannot recover it. *Haggerty* v. *McCanna, 10 C. E. Gr. 48.* But he is entitled to be repaid the money he paid to Mrs. Carl for her board. The relation between them had been changed when he put her to board with Mrs. Carl. His wife, the child's mother, was dead, and the child had ceased to live in his family. On the death of her mother she became entitled to a pension for her support. He should be allowed $100 for forty weeks' board at $2.50 a week, paid Mrs. Carl, with legal interest thereon (seven per cent. per annum to July 4th, 1878, and six per cent. per annum thereafter) from July 6th, 1869. He should have no commissions. He received the last of the money in 1878, and he never accounted until cited in December, 1883, and then nearly fifteen years had elapsed since his appointment as guardian. The exceptions are sustained, with costs to be paid by him out of his own estate. He must also pay a counsel fee of $50 out of his own funds to the exceptant's counsel.